# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>Petitioner,<br><br>v.<br><br>E. ARNOLD,<br><br>Respondent. | No. 2:18-CV-0238-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is Petitioner's motions to stay (ECF No. 13) and for preliminary injunction (ECF No. 15), and Respondent's motion to dismiss the petition (ECF No. 18) for failure to exhaust administrative remedies, procedural default, and failing to state a cognizable habeas claim.

## I. BACKGROUND

Petitioner was charged with battery on a non-prisoner in violation of California Criminal Code of Regulations, title 15, section 3005(d)(1) after an altercation with a female college professor on July 25, 2016, at California State Prison, Solano. See ECF No. 1 at 114, 117-18, 126-27. Petitioner was found guilty of this offense on November 2, 2016, and assessed a 150-day credit loss. See id. at 101, 106. Petitioner then was transferred to High Desert State

Prison, where he submitted his first administrative appeal to challenge the disciplinary decision on December 19, 2016. See id. at 145-146. That same day the Appeals Coordinator at High Desert State Prison screened out Petitioner's appeal and instructed Petitioner to submit his appeal to the appeals office at the institution where the incident occurred—California State Prison Solano. See id. at 144. In this same notice, Petitioner was advised to remove the divider and exhibit pages from his appeal in compliance with California regulations. See id.

Petitioner submitted his second appeal to the California State Prison Solano and it was screened out on December 29, 2016, for failing to use departmentally approved forms and for attaching three extraneous pages. See id. at 143, 145. Petitioner submitted his third appeal to California State Prison Solano on January 23, 2017, and it was screened out for failing to comply with instruction and for attaching extraneous pages. See id. at 143, 145. Petitioner was informed that he needed to submit his appeal on approved forms and without attachments. See id. at 143.

Petitioner submitted his fourth appeal and on March 1, 2017, his appeal was canceled because it again failed to use departmentally approved forms and included extra pages. See id. at 141, 145. Petitioner was informed that he could appeal the cancelation separately. See id. at 141. Petitioner subsequently filed an appeal challenging the cancellation decision and it was denied on July 25, 2017. See id. at 148-160. The decision stated that the cancelation was appropriate given Petitioner's repeated failure to follow the regulations and guidelines. See id. at 148-49.

Petitioner filed a writ of habeas corpus in the Solano County Superior Court challenging the disciplinary decision and the cancellation of his administrative appeal on July 13, 2017. See id. at 60-99. On September 6, 2017, the Superior Court denied the petition for failure to exhaust administrative remedies. See id. at 60. Petitioner then filed a petition for a writ of habeas corpus in the California Court of Appeal First Appellate District on October 4, 2017. See id. at 53-59. On October 20, 2017, the Court of Appeal summarily denied the petition. See id. at 53. On November 27, 2017, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. See id. at 25-52. The California Supreme Court denied the petition on February 21, 2018. See id. at 6.

Petitioner filed the pending application for a writ of habeas corpus in this Court on February 5, 2018. Respondent filed their notice of motion and motion to dismiss on October 5, 2018, and Petitioner filed his opposition captioned "Petitioner's Objection" on October 22, 2018.

## II. DISCUSSION

Respondent argues the petition should be dismissed because Petitioner has failed to exhaust administrative remedies, has procedurally defaulted, and fails to state a cognizable federal habeas corpus claim. Respondent argues Petitioner's federal habeas petition is "unexhausted and or procedurally defaulted" because Petitioner was unable to exhaust his administrative remedies, due to some procedural errors in his administrative filings. See ECF No. 18, p.4. In their analysis, Respondent merges two related but distinct and independent legal doctrines—procedural default and exhaustion. The procedural default doctrine is a specific application of the general independent state grounds doctrine—providing that a violation of a state procedural rule, that is independent of the federal question and adequate to support the judgment, bars federal habeas review. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The exhaustion doctrine, in contrast, is a rule codified in section 2254(b)(1) of title 28, stating: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). In habeas, state court remedies are exhausted when they are no longer available, regardless of the reason for their unavailability. See Woodford v. Ngo, 548 U.S. 81, 93 (2006). Thus, a petitioner has technically exhausted state remedies if the state's highest court denies relief, not on the merits of a claim but because of a state procedural bar. Id. The petition, however, may nonetheless be barred from federal review, even though properly exhausted, due to procedural default. See Coleman, 501 U.S. 729-30.

/ / /

/ / /

Here, there is no dispute that Petitioner properly filed his habeas petitions in the state superior court, the state court of appeal, and the state supreme court. There is further no dispute that the March 1, 2017, cancelation of Petitioner's administrative appeal foreclosed the administrative relief available to Petitioner. Thus, Petitioner has no remaining state relief available and for that reason Petitioner has technically exhausted his state court remedies. The dispute here is whether Petitioner's procedural failure to exhaust administrative remedies, which formed the basis for the denial of his state court habeas petitions, constitutes an independent and adequate ground, separate from Petitioner's federal claims, that acts as a procedural bar to this Court from reviewing the petition. Thus, the issue before this Court is one of procedural default.

**A.     Procedural Default**

Respondent asserts that this Court is precluded from reaching the merits of Petitioner's claim because the California state courts' rulings imposed a procedural bar by denying Petitioner's habeas petitions for failure to exhaust administrative remedies.

A state court decision that denies relief based on a violation of a state procedural rule, that is independent of the federal question and adequate to support the judgment, bars federal review of a habeas petition. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). This doctrine of procedural default is based on the concerns of comity and federalism. Id. at 730-32. However, there are limitations as to when a federal court should invoke procedural default and refuse to review a claim because a petitioner violated a state's procedural rules. Procedural default can only block a claim in federal court if the state court "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989).

In determining whether a state procedural ruling bars federal review, the Court looks to the "last reasoned opinion on the claim." Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991). Therefore, this Court will "look through" the California Court of Appeal's and California Supreme Court's summary denials and examine the decision of the Solano County Superior Court. See Brumfield, 135 S. Ct. at 2276; Ylst, 501 U.S. at 806.

///

///

Here, the Solano County Superior Court denied Petitioner's habeas claim in a two-page written decision relying on Petitioner's failure to exhaust his administrative remedies as its only basis for judgement. Specifically, the court stated:

> On July 13, 2017, Petitioner William Brown ("Brown") filed his initial petition for writ of habeas corpus. On August 9, 2017, Brown filed an amended petition for writ of habeas corpus, which supersedes the original petition. (People v. Mack (1961) 197 Cal.App.2d 574, 578.) In his amended petition, Brown contends that his due process rights were violated when the Senior Hearing Officer found him guilty of a California Department of Corrections and Rehabilitation ("CDCR") Form 115 Rules Violation Report for battery on a non-prisoner and imposed a 150-day credit forfeiture.
>
> However, while Brown has provided the Court with a copy of his CDCR Form 602 administrative appeal raising his prison disciplinary claim, Brown has also provided the Court with copies of the various orders rejecting and, finally, cancelling his administrative prison disciplinary appeal. Since "a cancellation or rejection decision does not exhaust administrative remedies[,]" Brown has not proven that he has exhausted all of the administrative remedies applicable to his prison disciplinary claim. (Cal. Code Regs., tit. 15, §§ 3084.1, subd. (b), 3084.7, subd. (d)(3); In re Dexter (1979) 25 Cal.3d 921, 925.)
>
> Instead, Brown argues that the Court should excuse the administrative exhaustion requirement in this case because his administrative prison disciplinary appeal was improperly rejected and cancelled and his administrative appeal challenging the cancellation was incorrectly denied. Nevertheless, since Brown cannot challenge the manner in which prison officials processed his administrative prison disciplinary or cancellation appeals in a petition for writ of habeas corpus, Brown has not established that his administrative appeals were improperly resolved. (In re Williams (2015) 241 Cai.App.4th 738, 744-745.) Therefore, Brown has failed to demonstrate that the administrative exhaustion requirement should be excused in this case. (In re Strick (1983) 148 Cai.App.3d 906, 911-912; In re Thompson (1 975) 52 Cai.App.3d 780, 783; In re Muszalski (1 975) 52 Cai.App.3d 500, 503-508.) Consequently, Brown's petition fails to allege a prima facie case for habeas corpus relief.
>
> Accordingly, the petition for writ of habeas corpus is DENIED.

ECF No. 1 at 60-61.

The decision of the state superior court clearly rests on the procedural errors related to Petitioner's failure to exhaust his administrative remedies. This is demonstrated by the plain language of the decision discussing "the various orders rejecting and, finally, cancelling his administrative prison disciplinary appeal" and by the superior court's citation to cases like <u>In re</u>

Dexter, which holds "a litigant will not be afforded judicial relief unless he has exhausted available administrative remedies." In re Dexter, 25 Cal.3d 921, 925 (1979). It is well established that a petitioner's failure to exhaust administrative remedies constitutes an adequate and independent ground for a state court's denial of habeas relief. See Saunders v. Garrison, 2008 WL 5219876 (E.D. Cal. Dec. 12, 2008), Tofoya v. Cambell, 2007 WL 2265591 (E.D. Cal. Aug. 6, 2007). For that reason, this Court concludes that Petitioner's application is barred because his failure to exhaust his administrative remedies, due to his procedurally defective administrative filings, constitutes a procedural default.

Petitioner raises an argument that this Court should consider whether the state court properly applied its default rule to Petitioner's case. This, however, would be improper. Federal courts will generally not consider whether the state court properly applied its default rule. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999); Wood v. Hall, 130 F.3d 373, 378–79 (9th Cir. 1997). The Ninth Circuit has recognized a narrow exception to this rule where the state courts interpretation is "clearly untenable and amounts to a subterfuge to avoid federal review of a deprivation by the state of rights guaranteed by the Constitution." Lopez v. Schriro, 491 F.3d 1029, 1043 (9th Cir. 2007), cert. denied. There is no argument here that the state court's interpretation meets this standard and even if there were, no facts exist in this case to support such an argument. Thus, it would be inappropriate for this Court to examine the state court's application of the procedural rules that resulted in the procedural default.

### B. Procedural Default Exception

A petitioner may escape the consequences of procedural default by showing either cause and actual prejudice, or a miscarriage of justice. In other words, a petitioner may obtain federal review of a procedurally defaulted claim by demonstrating "(1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" Jones v. Ryan, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting Coleman, 501 U.S. at 750). To satisfy the "cause" prong of the cause and prejudice standard, petitioner must show that some objective factor external to the defense prevented him from complying with the state's procedural rule. Cooper v. Neven, 641

F.3d 322, 327 (9th Cir. 2011) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986); Cooper, 641 F.3d at 327. To show "prejudice," the petitioner must demonstrate "not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152, 170 (1982); Correll v. Stewart, 137 F.3d 1404, 1416 (9th Cir. 1998).

Here, Petitioner seems to raise an argument that he was prevented from complying with the procedural requirements of the administrative process because he did not timely receive the rejection of this third administrative appeal. ECF No. 1 at 3. Petitioner asserts that he never received the third appeal rejection because during this period he was going through a series of prison transfers. Specifically, Petitioner was being transferred from High Desert State Prison, to Wasco State Prison, to Solano State Prison, back to Wasco State Prison. Id.

Though this court agrees that this seemingly odd series of prison transfers, unexplained by the government, could result in a delay of the third appeal rejection notice, Petitioner presents no evidence and no genuine argument that his timely receipt of this denial would have resulted in his compliance with the procedural rules. In fact, the record indicates that these dismissal notices had no effect on Petitioner's ability to comply with the procedural rules. For that reason, there is no evidence showing an external factor prevented Petitioner from complying with the state's procedural rules and thus no showing of cause or actual prejudice.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss (ECF No. 18) be granted and Petitioner's motions to stay (ECF No. 13) and for preliminary injunction (ECF No. 15) be denied as moot.

/ / /

/ / /

/ / /

/ / /

/ / /

7

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst,</u> 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE